**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAM GRANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 22-cv-4357<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Amazon.com Services LLC ("Amazon") hereby removes the above-captioned state court civil action, No. 2022-CH-06547, pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

In further support of this Notice of Removal, Amazon states as follows:

## PROCEDURAL HISTORY

1.      On July 7, 2022, Plaintiff Sam Grant ("Plaintiff") filed a class-action complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, asserting a claim against Amazon on behalf of himself and a putative class of Illinois citizens. The Court designated the case 2022-CH-06547. A true and correct copy of this complaint is attached as **Exhibit 1**. Attached as **Exhibit 2** is a true and correct copy of the Summons for the state court action.

2.      Also on July 7, 2022, Plaintiff filed a Motion for Class Certification.  A true and correct copy of the Motion is attached as **Exhibit 3**.

3.      Exhibits 1-3 constitute all the process, pleadings, and orders that have been served on Amazon in connection with Case No. 2022-CH-06547 pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

4.      A true and correct copy of the state court docket in Case No. 2022-CH-06547 is attached as **Exhibit 4**.

5.      Plaintiff asserts one cause of action for violation of the Magnuson Moss Warranty Act ("the Act").  Complaint ¶¶ 54-63.[1]  Specifically, Plaintiff contends that Amazon's one-year product warranty "lead[s] consumers to believe that third-party repair will void the warranty," which Plaintiff asserts is "forbidden" under the Act.  *Id.* ¶¶ 30, 32.  Plaintiff acknowledges that the Act "does not prohibit the warrantor from disclaiming liability for defects caused by unauthorized repairs."  *Id.* ¶ 22.  But Plaintiff nonetheless asserts that Amazon's warranty violates the Act.  The warranty at issue states that it "applies only to hardware components of the Device that are not subject to accident, misuse, neglect, fire or damage from other external causes, alteration, repair, or commercial use."  *Id.* ¶ 31.  Plaintiff allegedly purchased an Amazon Fire TV Stick on or about January 2022 that was covered by the warranty and contends that he "is unable to repair his Product via a third party, independent repair service without purportedly voiding his [w]arranty."  *Id.* ¶¶ 9, 43.  Plaintiff seeks injunctive relief "in the form of Defendant removing the provision in its [w]arranty" that allegedly violates the Act.  *Id.* ¶ 17.

---

[1]  The recitation of Plaintiff's allegations is not a concession that Plaintiff's allegations or legal theories have merit.  Amazon reserves the right to assert all applicable defenses in this matter and denies that Plaintiff is in fact entitled to any relief.

6.      Plaintiff seeks to bring this claim on behalf of a class of "[a]ll citizens of Illinois who owned a product subject to [Amazon]'s Warranty within the Class Period." *Id.* ¶ 45.  The class period is defined as "one year prior to the date of filing of this Complaint, through the date of class certification." *Id.* n.20.

7.      The Complaint seeks "injunctive, declaratory, and other equitable relief" and "all costs, including experts' fees, attorneys' fees, and the cost of prosecuting this action." *Id.* Prayer for Relief.

## TIMELINESS OF REMOVAL

8.      On July 18, 2022, Plaintiff served Amazon with the summons, the Complaint, and a Motion for Class Certification that has not yet been noticed or presented to the judge by the Plaintiff.

9.      In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of the Complaint as calculated under the Federal Rules of Civil Procedure.

## BASIS FOR REMOVAL JURISDICTION

10.     A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  As set forth below, this Court has original jurisdiction over Plaintiff's claim under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1332(a).  The action is removable to this Court under both 28 U.S.C. § 1441 and § 1453.

I.      **This Case Is Removable Under the Class Action Fairness Act.**

11.     The Class Action Fairness Act ("CAFA") extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5,000,000, there are at least 100 members of the proposed plaintiff class, and any member of the class of plaintiffs is a citizen of a state different from any defendant.  *See* 28 U.S.C. §§ 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). Each of these requirements is met here.

A.      **This Case Is a Class Action.**

12.     CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rule of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

13.     Plaintiff seeks to bring this case as a class action under Illinois Code of Civil Procedure 2-801—the Illinois analog to Federal Rule of Civil Procedure 23—which authorizes a representative party to bring suit on behalf of a class.  *Compare* 735 ILCS 5/2-801, *with* Fed. R. Civ. P. 23; *see also* Complaint ¶ 45.  Accordingly, this case qualifies as a class action under CAFA.

B.      **The Aggregate Amount in Controversy Exceeds $5,000,000.**

14.     Although Plaintiff does not allege a specific amount in controversy, Plaintiff seeks declaratory and injunctive relief on a class-wide basis, as well as "costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action."  Complaint ¶¶ 53, 63, Prayer for Relief .c-.d.

15.     For a case to be removable under CAFA, the amount in controversy must exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), (d)(6).  The amount in controversy is calculated by aggregating the claims of the individual class members, including

the value of any declaratory or injunctive relief sought.  28 U.S.C. § 1332(d)(6); *Keeling v.*

*Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011).  In determining the amount in controversy

under CAFA, the value of requested injunctive relief is equivalent to the value of the object of

the litigation, which may be considered from either the plaintiff's or the defendant's point of

view.  *See Am. Premier Underwriters, Inc. v. Est. of Chizum*, No. 3:14-CV-351-JD, 2015 WL

3657715, at *2 (N.D. Ind. June 11, 2015).  Any statutory attorneys' fees incurred up until the

time of removal also are properly included in determining the jurisdictional amount.  *See ABM*

*Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011).[2]

16.     In this case, the proposed class includes "[a]ll citizens of Illinois who owned a

product subject to [Amazon]'s Warranty within the Class Period."  Complaint ¶ 45.  Amazon

---

[2]  Amazon recognizes that, in determining the amount in controversy, the Seventh Circuit permits consideration of attorneys' fees only if incurred by the time of removal.  This is a minority view that, with respect, Amazon contends to be incorrect.  *See, e.g., Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367–69 (4th Cir. 2013).  Nonetheless, it is unnecessary to be concerned with that conflict in this case because the amount in controversy is over the jurisdictional threshold under either framework.  But if the majority approach were followed in this case, claimed fees would be expected to exceed $1,000,000 even on the conservative assumption that, at the average rate discussed below of $600 per hour, Plaintiff's counsel would expend only approximately 1,667 hours litigating this case through judgment.  *See Reid v. Unilever United States, Inc.*, No. 12 C 6058, 2015 WL 3653318, at *24 (N.D. Ill. June 10, 2015) (2,948.05 hours reasonable even for case that preliminarily settled during motion to dismiss briefing), *aff'd sub nom. Martin v. Reid*, 818 F.3d 302 (7th Cir. 2016); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 238 (N.D. Ill. 2016) (1,765.48 hours reasonable even where parties settled in early stages of discovery); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *7 (S.D. Ill. Dec. 16, 2018) (55,000 hours reasonable where case settled after trial had begun); *Johnson v. Bd. of Educ. Champaign Cmty. Unit Sch. Dist. #4*, No. 00-CV-1349, 2011 WL 2160944, at *13 (C.D. Ill. June 1, 2011) ($700,000 in fees reasonable in case that settled after summary judgment).

estimates that the cost of compliance for Plaintiff's requested injunctive relief to be well in excess of $5 million.[3]

17.     Plaintiff's requested injunctive relief puts in controversy the maximum amount for which Amazon would be responsible under the warranty as Plaintiff wants it revised, including to subject Amazon to extending full warranty coverage even for products damaged by third-party repairs.  *See* Complaint ¶ 17 (explaining that Plaintiff seeks the removal of the provision at issue from the warranty).  Warranty coverage can include a complete replacement of the product, so the value of the relief Plaintiff seeks can be calculated by multiplying the number of products subject to the warranty multiplied by the product price for the products to which warranty coverage would extend.  The warranty at issue applies not only to the Fire TV Stick Plaintiff claims to have purchased but also to a number of Amazon products, including certain Kindle E-Readers products and accessories, Fire Tablets and accessories, Fire TV Devices and accessories, Alexa devices and accessories, Amazon Halo and accessories, and certain other products including Amazon Astro, Amazon Glow, Amazon Cloud Cam, Amazon Dash Wand, Dash Smart Shelf, Amazon Luna Controller, and Fire Phone.[4]  Amazon sold millions of these products in the last year, and they range in price from approximately $19.99 to approximately $999.99.  Given the number of Amazon products at issue, the amount in controversy easily exceeds $5,000,000 even if full warranty coverage must be extended to less than five percent of

---

[3] The dollar estimates provided in this Notice merely reflect Amazon's understanding of the amounts *in dispute* in this case based on the Complaint and should not be construed as representing an admission that Plaintiff is entitled to any particular relief (or any relief at all) or that Amazon may properly be required to incur any of the identified costs.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

[4] *See* Help & Customer Service - Amazon Device Warranty, Amazon.com, Inc. (Updated May 18, 2022), https://www.amazon.com/gp/help/customer/display.html?nodeId=GSPQ9ZRJSLPPX4ST.

devices—an assumption that, based on information and belief, is reasonable given Amazon's current understanding of the relief Plaintiff seeks. Significantly, Plaintiff does not limit the Class Period to a single product or year and does not limit the requested relief to a finite time period, so compliance costs would continue to grow commensurately every year.

18.     Moreover, the requested injunctive relief would require changing the warranty language and associated website pages where it appears and training customer support teams consistent with any warranty language changes, costs that also must be included in the calculation of the amount-in-controversy.

19.     Plaintiff also seeks attorneys' fees. The Act allows a court to award a prevailing consumer "cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred." 15 U.S.C. § 2310(d)(2). Here, the average rate for class action attorneys' fees in the area is at least approximately $600 per hour. *See E.Z. by Braun v. United States*, No. 17 C 216, 2020 WL 757890, at *3 (N.D. Ill. Feb. 14, 2020) ("In a recent class action lawsuit in this district, [lawyers] recouped fees at the rate of $600 per hour."). On information and belief, Plaintiff's counsel would have been expected to have spent at least 125 hours on investigating, preparing, and filing this class action complaint, as well as the motion for class certification and other papers. This would place at least $75,000 in controversy based on Plaintiff's claim for fees alone.

20.     The estimated costs for compliance with the requested injunctive and declaratory relief combined with the amount in attorneys' fees to the date of removal show that the amount in controversy easily exceeds $5,000,000.

**C.     There Are at Least 100 Members of the Proposed Class.**

21.     CAFA confers jurisdiction over class actions with at least 100 proposed class members.  28 U.S.C. § 1332(d)(5)(B).

22.     Plaintiff asserts that he intends to bring a class action on behalf of a purported class of "[a]ll citizens of Illinois who owned a product subject to [Amazon]'s Warranty within the Class Period."  Complaint ¶ 45.  Amazon has sold and shipped products subject to the one-year product warranty to more than 100 people in Illinois in the last year.

**D.     The Required Diversity Exists Between the Parties.**

23.     A case satisfies CAFA's diversity requirement as long as one plaintiff's or class member's citizenship differs from that of the defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

24.     Here, all members of the proposed class are citizens of Illinois.  Complaint ¶ 45.

25.     Amazon is not a citizen of Illinois.  Amazon, at the time the Action was filed and at the time of filing for this Notice of Removal, was and is a Delaware company having its principal place of business at 410 Terry Avenue North, Seattle, WA 98109.  *See* Illinois Secretary of State Website Entry for Amazon.com Services LLC, attached as **Exhibit 5**.  *See also* Complaint ¶ 10.

**II.     Removal Is Also Proper Under 28 U.S.C. § 1332(a).**

26.     This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Amazon, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete Diversity of Citizenship Exists.**

27.     The Complaint alleges that Plaintiff is a citizen of Illinois and resides in Cook County, Illinois.  Complaint ¶ 9.

28.     For the reasons discussed above, *supra* ¶ 25, Amazon is a citizen of the state of Washington or Delaware for purposes of analyzing diversity jurisdiction.

29.     Because Plaintiff and Amazon are citizens of different states, complete diversity of citizenship exists for jurisdictional purposes.

**B.      The Amount in Controversy Requirement Is Satisfied.**

30.     The amount in controversy requirement for diversity jurisdiction is satisfied in this case because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

31.     Plaintiff's requested relief would require Amazon to provide warranty coverage on an ongoing basis for products damaged as a result of third party repairs.  Plaintiff's requested declaratory and injunctive relief relating to the warranty language changes alone well exceed the $75,000 threshold.  *See supra* ¶ 17.

32.     The cost of updating the warranty language and associated locations where it appears, training customer support staff regarding the changes, and ongoing compliance associated with those changes also is expected to put the amount in controversy over $75,000. *See supra* ¶ 18.

33.     Statutory attorneys' fees incurred up to the point of removal are considered when determining whether the amount in controversy is satisfied under 28 U.S.C. § 1332(a).  *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014); *but see supra* note 2 (other circuits also consider fees after removal).  On information and belief, Plaintiff has placed in controversy at least $75,000 based on fees alone.  *See supra* ¶ 19.

**REMOVAL TO THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, IS PROPER**

24.     Removal to the Northern District of Illinois is proper because it is the district within which the state action is pending.  *See* 28 U.S.C. § 1441(a).

25.     Removal to the Eastern Division of the Northern District of Illinois is proper because the state action is pending within this division.  *See id.*

**NOTICE TO STATE COURT AND PLAINTIFF**

26.     Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois, and served upon counsel for Plaintiff promptly.

**OTHER REPRESENTATIONS**

34.     By filing this Notice of Removal, Amazon does not waive any defense that may be available to it, and Amazon expressly reserves all such defenses, including those related to personal jurisdiction and service of process.

35.     If any question arises as to propriety of removal to this Court, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

36.     Amazon reserves the right to amend or further supplement this Notice.

WHEREFORE, the case now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, No. 2022-CH-06547, is hereby removed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1441, 1453.

Dated: August 17, 2022                    Respectfully submitted,


                                          /s/ Victoria R. Collado
                                          Victoria R. Collado
                                          BURKE, WARREN, MACKAY &

SERRITELLA, P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, Illinois 60611
(312) 840-7000

Kathryn E. Cahoy (pro hac vice application *to be filed*)
kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 632-4700
Fax: (650) 632-4800

*Attorneys for Defendant Amazon.com Services LLC*

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on August 17, 2022, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to any attorneys of record. I further certify that on August 16, 2022, I have caused a true and correct copy of the foregoing to be sent to the following via U.S. Mail and e-mail:

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
F: 773.694.4691
nick@nicklarry.law


          /s/ Victoria R. Collado
          Victoria R. Collado